IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MATTHEW ROUSE | § | |
| VS. | § | CIVIL ACTION NO. 5:21cv111 |
| WARDEN S. SALMONSON | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Matthew Rouse, an inmate confined in the Federal Correctional Institution in Texarkana, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On July 10, 2018, in the United States District Court for the District of Nebraska, pursuant to a conditional guilty plea, petitioner was convicted of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). *See United States v. Rouse*, 936 F.3d 849, 850 (8th Cir. 2019). Petitioner was sentenced to a term of 96 months' imprisonment. Following petitioner's plea of guilty to the distribution charge, the government agreed to dismiss the remaining charge against petitioner for enticement of a minor to engage in sexually explicit conduct for the purposes of creating a visual depiction. On appeal, the judgment of the district court was affirmed. *Id.* at 852. Petitioner did not file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner brings this petition for writ of habeas corpus contending his conviction impermissibly intrudes upon the police power of the State of Nebraska. Petitioner relies on the Supreme Court holdings in *Bond v. United States*, 564 U.S. 211 (2011) (*Bond I*), and *Bond v. United States*, 572 U.S. 844 (2014) (*Bond II*). Additionally, petitioner contends his conviction violates both the Fifth and Tenth Amendments.

Analysis

Petitioner is not challenging the manner in which his sentence is being executed. Instead, he attacks the legality of his conviction and sentence.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence while § 2241 is correctly used to attack the manner in which a sentence is executed. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id.* at 877-78. However, there is one exception to this general rule. A prisoner may use § 2241 as the vehicle for attacking a conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with the savings clause in § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904. A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001).

Since the latest of the decisions on which petitioner relies was decided in 2014, he was not foreclosed by circuit law in 2018 when the claims should have been raised either prior to his plea, on direct appeal, or in a § 2255 motion. However, petitioner failed to raise the available arguments.

"[A] prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." *Tolliver*, 211 F.3d at 878.

Nor does the one-year limitations period for filing such motions. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (holding § 2241 not available to petitioner time-barred from bringing a second or successive § 2255 motion); *see also Bell v. Holder*, 488 F. App'x 822 (5th Cir. 2012) (petitioner's inability to meet procedural requirements of § 2255 is insufficient to meet burden of showing § 2255 inadequate or ineffective). Thus, petitioner has failed to show why relief pursuant to 28 U.S.C. § 2255 is either inadequate or ineffective. Petitioner is merely trying to circumvent the statutory limitations on filing § 2255 motions. Additionally, petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Therefore, petitioner has not shown § 2255 is inadequate or ineffective or that he is actually innocent of his crime of conviction; thus, he is not entitled to use the savings clause.

As set forth above, § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver*, 211 F.3d at 877. Relief under § 2255 is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on four separate grounds: The sentence was imposed in violation of the constitution or laws of the United States; the court was without jurisdiction to impose the sentence; the sentence exceeds the statutory maximum sentence; and the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), cert. denied, 112 S.Ct. 2319 (1992).

As petitioner attacks the legality of his conviction and sentence, his petition should be construed as a motion to vacate, set aside or correct sentence. However, because petitioner was convicted in the United States District Court for the District of Nebraska, this court is without jurisdiction to entertain a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Further, petitioner is barred by the applicable one-year statute of limitations for filing a motion to vacate. Thus, this petition should be dismissed.

<u>Recommendation</u>

The above-styled petition for writ of habeas corpus should be dismissed.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this 1st day of October, 2021.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE