IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MATTHEW ROUSE, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  5:21-CV-00111-RWS-CMC |
| v. | § § § | |
| WARDEN S. SALMONSON, | § § § | |
| Defendant. | § § | |

## ORDER

Plaintiff Matthew Rouse, an inmate proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights, pursuant to 28 U.S.C. § 2241.  The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

After review of the pleadings, the Magistrate Judge issued a Report recommending the petition be dismissed.  Docket No. 3.  The Magistrate Judge determined that the petition was barred by the statute of limitations and that this Court is without jurisdiction to consider the petition (as construed as a motion to vacate under 28 U.S.C. § 2255) because Rouse was convicted in the United States District Court for the District of Nebraska.  *Id.* at 3.

In his objections to the Report, Rouse argues that the Magistrate Judge faulted Rouse for failing to show why a § 2255 motion was "inadequate or ineffective" to challenge the legality of his sentence, yet also stated that a § 2255 motion was unavailable to him under the AEDPA.  Docket No. 9 at 3.  Rouse also contends that the Magistrate Judge did not address "the constitutional issue of the State of Nebraska's right to adjudicate issues within [its] borders[.]"  *Id.* at 3–4.

Rouse's objections are without merit. The Magistrate Judge correctly determined that Rouse's petition attacks the validity of his conviction and sentence, and his petition does not meet the criteria required to file a § 2241 petition in connection with the savings clause of § 2255. *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001). Contrary to Rouse's objection, the Magistrate Judge did not suggest that a § 2255 motion is "unavailable." Rather, the Magistrate Judge explained that a § 2255 motion that is unsuccessful, that does not meet AEDPA's "second or successive" requirement, that is time-barred, or that is otherwise procedurally defective, does not make § 2255 "inadequate or ineffective." *See* Docket No. 3 at 2–3 (collecting cases). Additionally, a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Nor did the Magistrate Judge fail to address Rouse's argument regarding the State of Nebraska's "right to adjudicate issues within [its] borders[.]" Docket No. 9 at 3–4. As properly determined by the Magistrate Judge, this Court is without jurisdiction to entertain a motion to vacate because Rouse was convicted in the United States District Court for the District of Nebraska.

Finally, as the Magistrate Judge also determined, even assuming this Court had jurisdiction, Rouse is barred from filing a motion to vacate pursuant to § 2255 based on the one-year statute of limitations. Therefore, this petition should be dismissed.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Rouse objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."). The Court has determined that the Magistrate Judge's Report is correct and Rouse's objections are without merit. It is accordingly

**ORDERED** that Rouse's objections are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 3) is **ADOPTED** as the opinion of the Court.

**So ORDERED and SIGNED this 10th day of May, 2022.**

                                            ROBERT W. SCHROEDER III
                                            UNITED STATES DISTRICT JUDGE